UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH GRAY,

                Plaintiff,

v.

CORRECTION OFFICER R. DAVIS, CAPTAIN
M. KEARNEY, COMMISSIONER HEARING
OFFICER T. SCHOELLKOPF, and DIRECTOR OF
SPECIAL HOUSING DONALD SELSKY,

                Defendants.

Case # 09-CV-6213-FPG

DECISION & ORDER

## Introduction

*Pro se* Plaintiff Joseph Gray brings the instant action pursuant to 42 U.S.C. § 1983 for alleged violations of his Constitutional rights. Dkt. #1. Defendants have moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. Dkt. #20. For the following reasons, the motion is granted.

## Background

Plaintiff's Complaint alleges that Defendants, employees of the New York State Department of Community and Correctional Services ("DOCCS") who were assigned to the Wende Correctional Facility, violated his due process rights. Plaintiff claims that his rights were violated by a disciplinary report issued on or about June 18, 2006 and the resultant disciplinary hearing that took place on June 27, 2006. At the close of that hearing, Plantiff was found guilty of the disciplinary charges, and the DOCCS imposed a penalty of 24 months in the Special Housing Unit ("SHU"). Plaintiff sought an administrative review of this penalty, which the DOCCS granted, and reduced the penalty to 12 months in the SHU.

1

On October 31, 2006, Plaintiff initiated a proceeding under New York Civil Practice Law and Rules Article 78 in New York State Supreme Court, alleging that the June 27, 2006 disciplinary hearing violated his due process rights. That petition was denied by Acting New York State Supreme Court Justice Russell P. Buscaglia on April 12, 2007, and Plaintiff appealed. On February 6, 2009, the Appellate Division, Fourth Department rejected Plaintiff's due process claims and affirmed Justice Buscaglia's denial of his Article 78 petition. *Gray v. Kirkpatrick*, 59 A.D.3d 1092, 873 N.Y.S.2d 816 (4th Dep't 2009). Plaintiff then commenced this federal action on April 24, 2009.

On March 4, 2010, the Defendants moved to dismiss the Complaint. Plaintiff filed his response to the motion on April 8, 2010, and Defendants filed their reply on June 4, 2010. On January 14, 2013, this matter was transferred to the undersigned for all further proceedings.

## Discussion

In ruling on a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

When the Plaintiff is *pro se*, his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted). Accordingly, the Court interprets Plaintiff's Complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (alternations and quotation marks omitted).

When ruling on a Rule 12(b)(6) motion, the Court generally confines its analysis of such a motion to the four corners of the complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *see* Fed.R.Civ.P. 12(d). However, the Court may additionally consider documents attached to the complaint as exhibits and documents on which the complaint "relies heavily" or which are "integral to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (internal quotation marks omitted). For purposes of this rule, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir.1991)); *see also* Fed.R.Civ.P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint "relies heavily upon its terms and effect," which renders the document "integral" to the complaint. *Int'l Audiotext*, 62 F.3d at 72.

Under the *Rooker-Feldman* doctrine[1], lower federal courts are precluded from exercising jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Underlying this doctrine "is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009); *see also Feldman*, 460 U.S. at 482 ("Review of such judgments may be had only in [the Supreme Court].").

---

[1] Named after *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

3

In order for the *Rooker-Feldman* doctrine to bar an action, the Second Circuit has explained that four requirements must be met. First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. And fourth, the state court judgment must have been rendered before the district court proceedings commenced. *Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) quoting *Exxon Mobil Corp.*, 544 U.S. at 284 (alterations omitted).

In the present case, there is no dispute that Plaintiff lost in state court. Plaintiff's submissions[2] in this case make this point clear, as he states that he commenced an Article 78 proceeding regarding the disciplinary hearing, that Justice Buscaglia dismissed his petition, and that the Appellate Division affirmed the denial of his petition. Second, Plaintiff's Complaint also makes clear that the federal action is about the denial of his Article 78 petition – indeed, the Complaint describes no incidents other than those which were the subject of the state court action. The third factor is clearly satisfied, since the Plaintiff is seeking one thing: a ruling from this Court that would effectively overturn or nullify the decisions rendered by the state courts. Finally, since the state court judgments were issued on April 12, 2007 and February 6, 2009 by Justice Buscaglia and the Appellate Division respectively, they predate this action, which was commenced by Plaintiff on April 24, 2009.

As all four of the *Hoblock* factors are satisfied, it is clear that this lawsuit is nothing more than an attempt by Plaintiff to have this Court review the state court judgments. Such a challenge is plainly barred by the *Rooker-Feldman* doctrine, and deprives this Court of jurisdiction to entertain the matter. If the Plaintiff wished to challenge the state court judgments, his course of action would have been to seek review from the United States Supreme Court,

---

[2] Attached to Plaintiff's Complaint and his response are many documents from the state court proceedings, including his Article 78 petition, and the relevant state court decisions.

because "only the Supreme Court has jurisdiction to hear an appeal from a state court action in which an appellant claims a constitutional violation." *Diaz v. Goord*, No. 04-CV-6094, 2010 WL 38734626 at *5 (W.D.N.Y. Sept. 29, 2010).

Conclusion

Defendant's motion (Dkt. #20) is granted, and the Complaint (Dkt. #1) is dismissed with prejudice.

IT IS SO ORDERED.

DATED: Rochester, New York
May 9, 2013

_____
HON. FRANK P. GERACI, JR.
United States District Judge